**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN DOMINGUEZ-ROBLES,[*] <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1083 <br><br> Agency No. A070-123-745 <br><br> MEMORANDUM[**] |

On Petition for Review of an Order of an
Immigration Judge

Submitted February 9, 2024[***]
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Martin Dominguez-Robles, a native and citizen of Mexico, petitions for

---

[*] The Clerk shall edit the case name and caption to reflect the spelling of the petitioner's last name—Dominguez-Robles—used in the agency decision on review and in petitioner's opening brief.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the determination of an immigration judge ("IJ") that he does not have a reasonable fear of persecution or torture. We review the IJ's negative reasonable fear determination for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We have jurisdiction pursuant to 8 U.S.C. § 1252, *see Alonso-Juarez v. Garland*, 80 F.4th 1039, 1043 (9th Cir. 2023), and we deny the petition.

1. Substantial evidence supports the IJ's determination that the particular social group proposed by Dominguez is not socially distinct. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980-81 (9th Cir. 2020). Neither the record evidence nor Dominguez's testimony compels the conclusion that individuals who cooperate with law enforcement are viewed as socially distinct within Mexican society. Dominguez did not participate in any legal proceedings or file a formal report with the police, and the Mexican witness protection program he identified would not extend to him or his proposed social group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (explaining that "the absence of society-specific evidence of social distinction"—including the lack of "special legal protection" for those who make reports to the police—supported the conclusion that the proposed group was not socially distinct).

2. Substantial evidence also supports the IJ's determination that Dominguez failed to establish a reasonable possibility that he would be tortured in Mexico with

the acquiescence of the government. First, the record evidence supports the IJ's finding that the Mexican government is taking steps to address violence and corruption caused by organized crime groups. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (holding that government efforts to combat crime and violence supported a finding that there was no government acquiescence even when those efforts "ha[d] not achieved the desired goals of resolving crimes and protecting citizens"). Second, Dominguez's testimony about the potential inefficacy of local police efforts to protect him does not constitute "significant evidence establishing government complicity in the criminal activity," especially where, as here, he also testified that local police would try to help him and that they have previously responded to a violent crime and apprehended the suspect. *Andrade-Garcia*, 828 F.3d at 836.

The motion and supplemental motion for stay of removal are **DENIED** as moot.[1]

**PETITION DENIED.**

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate. *See* General Order 6.4(c).